UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON COOK,<br><br>              Plaintiff,<br><br>       v.<br><br>RON SIMS, et al.,<br><br>              Defendants. | Case No. 1:21-cv-01478-AWI-EPG<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE CASE AGAINST DEFENDANT FLOR GARCIA SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLETE SERVICE  PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m) AND WHY THE CASE AGAINST DEFENDANTS FLOR GARCIA AND PACIFIC VALLEY SECURITY PATROL SHOULD NOT BE DISMISSED WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b) FOR FAILURE TO PROSECUTE |

Plaintiff Ron Cook proceeds through counsel in this civil rights action against Defendants Ron Sims, James Funk, Salina Correa, Floyd Avila, Flor Garcia, and Pacific Valley Security Patrol. (ECF No. 1). For the reasons given below, the Court orders Plaintiff to show cause why the case against Defendant Flor Garcia should not be dismissed without prejudice for failure to complete service pursuant to Federal Rule of Civil Procedure 4(m) and why the case against Defendants Flor Garcia and Pacific Valley Security Patrol should not be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

1  dismiss the action without prejudice against that defendant or order that service be made within a
2  specified time." Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure,
3  the court must extend the time for service for an appropriate period." *Id.*

4  Plaintiff initiated this action with the filing of the complaint on October 1, 2021 (ECF
5  No. 1). A summons was issued on October 4, 2021 (ECF No. 3). To date, Plaintiff has not filed a
6  return of service demonstrating that Plaintiff has accomplished service of the complaint and
7  summons on Defendant Flor Garcia, nor has a waiver of service been filed by this Defendant.
8  Thus, the ninety-day time period for service appears to have expired without service being
9  achieved.

10  Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to
11  comply with these rules or a court order, a defendant may move to dismiss the action or any claim
12  against it." Fed. R. Civ. P. 41(b). A court may also dismiss *sua sponte* under this Rule in certain
13  circumstances. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir.
14  2005). Additionally, the Court has the inherent power to *sua sponte* dismiss an action for failure
15  to prosecute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

16  Here, as noted above, Plaintiff appears to have failed to serve Defendant Flor Garcia
17  within the time provided under Rule 4(m). Moreover, while service was purportedly achieved on
18  Defendant Pacific Valley Security Patrol on November 23, 2021, no answer has been filed within
19  the time period provided under Federal Rule of Civil Procedure 12(a), and Plaintiff has taken no
20  action, such as requesting a clerk's entry of default, to prosecute the apparent failure of this
21  Defendant to respond. *See* Fed. R. Civ. P. 55(a). Accordingly, it appears that Plaintiff has failed to
22  prosecute the case against Defendants Flor Garcia and Pacific Valley Security Patrol.

23  Accordingly, Plaintiff is ORDERED to show cause why the case against Defendant Flor
24  Garcia should not be dismissed without prejudice for failure to complete service pursuant to
25  Federal Rule of Civil Procedure 4(m) and why the case against Defendants Flor Garcia and
26  Pacific Valley Security Patrol should not be dismissed without prejudice for failure to prosecute
27  pursuant to Federal Rule of Civil Procedure 41(b).

28  Plaintiff shall file, no later than February 11, 2022, proof of service as to Defendant Flor

Garcia or a response to this order to show cause demonstrating that Plaintiff has good cause for failing to complete service on Defendant Flor Garcia and explaining when Plaintiff will complete service. Within this same response, Plaintiff shall show cause explaining why the case against Defendants Flor Garcia and Pacific Valley Security Patrol should not be dismissed for failure to prosecute and specifying what steps will be taken to prosecute the case against these Defendants should the case against them be permitted to proceed.  Plaintiff may also file a request for a clerk's entry default as to Pacific Valley Security Patrol.

Plaintiff is cautioned that failure to respond to this order to show cause may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **January 24, 2022**                    /s/ Erica P. Grosjean
                                                               UNITED STATES MAGISTRATE JUDGE