UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON COOK,<br><br>            Plaintiff,<br><br>    v.<br><br>RON SIMS, et al.,<br><br>            Defendants. | Case No. 1:21-cv-01478-AWI-EPG<br><br>ORDER REQUIRING RESPONSE REGARDING ENTRY OF DEFAULT, UNTIMELY ANSWER<br><br>(ECF No. 13, 20) |

Plaintiff Ron Cook proceeds through counsel in this civil rights action against Defendants Ron Sims, James Funk, Salina Correa, Floyd Avila, Flor Garcia, and Pacific Valley Security Patrol. (ECF No. 1). This matter is before the Court on the answer filed by Defendants Pacific Valley Security Patrol and Flor Garcia. As explained below, the Court will require Defendant Pacific Valley Security Patrol to file a response to this order regarding the entry of default against it and the untimely answer and Defendant Flor Garcia to file a response regarding the untimely answer.

Plaintiff filed this lawsuit on October 1, 2021. (ECF No. 1). Based on Plaintiff's representations that Defendant Pacific Valley Security Patrol was served on November 23, 2021, and had failed to timely respond to the complaint, Plaintiff obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a) on February 11, 2022. (ECF Nos. 9, 12, 13).

Defendant Pacific Valley Security Patrol has not filed a motion to set aside the default,

1 nor has it explained why its answer was filed nearly a year late. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing twenty-one days for a defendant to file an answer after being served with the summons and complaint). As to Defendant Flor Garica, Plaintiff submitted a proof of service reflecting that this Defendant was served on February 10, 2022. (ECF No. 14). However, Defendant Flor Garcia has not explained why the answer was filed approximately eight months late.

As to Defendant Pacific Valley Security Patrol, once a clerk's entry of default is entered, the complaint's factual allegations, except those related to damages, will be taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *see Guardado v. Nevada*, No. 2:18-CV-00198-GMN-VCF, 2019 WL 13076591, at *1 (D. Nev. Sept. 30, 2019) ("Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true."). Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (discussing factors for good-cause showing). However, the Court is unable to determine whether the default should be set aside without any argument from Defendant Pacific Valley Security Patrol.

In light of the above discussion, IT IS ORDERED as follows:

1. By no later than November 18, 2022, Defendant Pacific Valley Security Patrol shall file a response explaining why the Court should set aside the entry of default and not issue sanctions regarding the untimely answer.
2. By no later than November 18, 2022, Defendant Flor Garcia should submit a response explaining why the Court should not issue sanctions regarding the untimely answer.
3. By no later than November 25, 2022, Plaintiff may file any response to Defendants' filings.

\\\
\\\
\\\
\\\
\\\

4. Alternatively, if the parties are able to come to an agreement regarding Defendants' untimely answer, they shall file an appropriate stipulation on the record by no later than November 18, 2022. In such case, the Court will not require Defendants to otherwise respond to this order.

IT IS SO ORDERED.

Dated:  **November 3, 2022**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE