UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON COOK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RON SIMS, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01478-AWI-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT BE DENIED<br><br>(ECF No. 27)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　Plaintiff Ron Cook proceeds with counsel in this civil rights action. (ECF No. 1). This matter is before the Court on Plaintiff's motion for leave to file an amended complaint to add a claim under 42 U.S.C. § 1983 against Defendants Flor Garcia, a private security guard, and her employer, Pacific Valley Security Patrol (PVSP). (ECF No. 27). Garcia and PVSP oppose leave to amend, arguing that leave to amend would be futile because Garcia is not a state actor for purposes of § 1983. (ECF No. 33, p. 9).

　　　As explained below, the Court will recommend that Plaintiff's motion for leave to file an amended complaint be denied as futile because he has failed to plead facts showing that Garcia is a state actor for purposes of § 1983. The parties have fourteen days to file any objections to these findings and recommendations.

## I. BACKGROUND

Plaintiff filed this case on October 1, 2021. (ECF No. 1). In addition to suing Garcia and PVSP, he asserts claims against Fresno County Sheriff's Deputies Ron Sims, James Funk, Salina Correa, and Floyd Avila.

Specifically, Plaintiff alleges that, after returning to his residence in the early morning hours on June 5, 2020, he encountered the Defendant officers who arrived at his house after his home security system sent a possible burglary notice. Plaintiff was sleeping in his truck at the time, having been unable to disable his security system to get into his residence. Thinking that Plaintiff may be intoxicated, the Defendant officers began a DUI investigation.

Although Plaintiff stated that he had not been driving but had a hired driver take him home, the Defendant officers persisted in their investigation, stating that Garcia, who was working at the time as a private security guard at Plaintiff's gated community, "had informed them that available security video showed that plaintiff drove himself home and that no other vehicle left the gated community." (*Id.* at 4). The Defendant officers relayed these facts to California Highway Patrol Officers, who came to scene and determined that Plaintiff was intoxicated. Plaintiff was arrested and taken to the Fresno County Jail. However, the Fresno County District Attorney declined to file criminal charges.

Plaintiff's original complaint brings multiple § 1983 claims and a California Bane Act claim against the Defendant officers. As to Garcia and PVSP, Plaintiff asserts negligence claims.

On November 29, 2022, Plaintiff moved for leave to amend his complaint to (1) assert a § 1983 claim against Garcia and PVSP for unconstitutional detention and arrest and (2) withdraw the negligence claims against them. (ECF No. 27). Garcia and PVSP filed a response on December 7, 2022, opposing the motion on multiple grounds, pertinent here, arguing that leave to amend would be futile because Garcia was not a state actor for purposes of § 1983.[1] (ECF No. 33). Plaintiff filed a reply on December 12, 2022, arguing that Garcia qualifies as a

---

[1] Because this Court determines that this argument warrants denying leave to amend, it does not address Defendants' other arguments for denying leave to amend.

2

state actor because she acted jointly with the Defendant officers in the events leading to his arrest.[2] (ECF No. 34). On December 13, 2023, the presiding District Judge reset the motion to amend to be heard before the undersigned. (ECF No. 35). On February 10, 2023, the Court heard oral argument on the motion to amend. (ECF No. 40).

## II.  LEGAL STANDARDS

### A.  Motion to Amend

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). Leave should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The party opposing leave to amend has the burden of showing that amendment is improper. *Pizana v. SanMedica Int'l LLC*, No. 1:18-CV-00644-DAD-SKO, 2022 WL 1241098, at *9 (E.D. Cal. Apr. 27, 2022).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004)). However, not all of these factors are "given equal weight"; rather, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v.*

---

[2] Defendants have filed objections to Plaintiff's reply (ECF No. 37), and Plaintiff has filed objections to Defendants' objections (ECF No. 38). Because none of the arguments in these filings are necessary to resolve the motion to amend, the Court does not address them.

1   *Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "The test for futility is identical to the one used
2   when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Kuschner v.*
3   *Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Miller v. Rykoff-Sexton,*
4   *Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *Woods v. First Am. Title, Inc.*, No. CV-111284-GHK
5   (VBKx), 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011) ("Futility of amendment is
6   analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it
7   would be subject to dismissal.").

8        The sufficiency of a pleading for purposes of Rule 12(b)(6) must be considered in
9   conjunction with Rule 8(a)(2). *See Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003) ("To
10  survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint
11  generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)."). A
12  complaint is required to contain "a short and plain statement of the claim showing that the
13  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
14  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
15  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
16  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient
17  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*
18  (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting
19  this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts
20  "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d
21  677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a
22  plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

23       **B.**    **Section 1983**

24      "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by
25  the Constitution and laws of the United States, and must show that the alleged deprivation was
26  committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).
27  Generally, the presumption is that private parties are "not acting under color of state law" for
28  purposes of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v.*

*Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) ("When addressing whether a private party acted under color of law, we . . . start with the presumption that private conduct does not constitute governmental action.").

Nevertheless, in some circumstances, the actions of a private party may render them liable under § 1983. Courts use a variety of tests to determine whether a private party is a state actor. *Sutton*, 192 F.3d at 835-36 (noting that "[c]ourts have used four different factors or tests to identify what constitutes [government action]: (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus.").

At issue here, is the joint action test. (ECF No. 34, p. 4). Regarding this test, the Ninth Circuit has stated:

> The joint action test asks "'whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights.'" [*Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir.2002)] (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995)). This requirement can be satisfied . . . by showing that the private party was 'a willful participant in joint action with the State or its agents.'" *Id.* (quoting *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir.1989)). Ultimately, joint action exists when the state has "'so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity.'" *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 507 (9th Cir.1989) (alteration in original) (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961)).

*Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012). However, "[j]oint action . . . requires a substantial degree of cooperative action." *Collins*, 878 F.2d at 1154.

**III.   ANALYSIS**

With these standards in mind, the Court notes the following allegations in Plaintiff's proposed amended complaint that bear on whether Garcia was acting jointly with the officers:

> Paragraph 11 - The defendant officers and defendant Garcia nonetheless persisted in a DUI investigation but ignored the exculpatory facts that were available. . . . Nonetheless, the defendant officers and defendant Garcia falsely contended that the available security video confirmed that plaintiff had been driving alone in his vehicle when he returned home. At no time was there any reasonable basis for one to conclude these averments were truthful.
>
> Paragraph 12 - The defendant officers and defendant Garcia relayed these false

5

> investigative facts to the California Highway Patrol officers who were summoned to the scene, Officer Gray and Officer Calderon. As a result of receiving this false information suggesting that plaintiff had been driving, the CHP officers initiated a sobriety investigation and determined that plaintiff was intoxicated.
>
> Paragraph 16 - The defendant officers contended on scene that defendant Garcia of Pacific Valley Security Patrol, who at all times was present with them and was an equal participant in the investigation, had informed them that available security video showed that plaintiff drove himself home and that no other vehicle left the gated community. Moreover, defendant Garcia accompanied the defendant officers to Plaintiff's residence and advised officers that she had seen only him driving in his vehicle through the entry gate, and that there was only one way in and out of the community. This information, if indeed provided by defendant Garcia, was glaringly inaccurate and contributed to the arrest of Plaintiff.

(ECF No. 27-1, pp. 3-4).

The parties dispute whether such allegations are sufficient to allege that Garcia is a state actor for purposes of § 1983. Defendant argues that Plaintiff, at most, indicates that Garcia provided information implicating Plaintiff in criminal activity, which is not enough to make her a state actor. (ECF No. 33, p. 10). Plaintiff argues that the Defendant officers' reliance on Garcia's false information and her accompanying them to his residence is sufficient to show joint activity. (ECF No. 34, pp. 3-4).

Generally, Plaintiff's allegations fall in two categories: (1) Garcia provided false information about whether Plaintiff was driving and (2) she participated in the investigation by accompanying officers to his residence. As to the first allegation, courts have concluded that informing law enforcement about suspected criminal activity is not the type of "substantial degree of cooperative action" to make a private party a state actor. *Collins*, 878 F.2d at 1154. Specifically, neither "complaining to the police" nor "execution by a private party of a sworn complaint which forms the basis of an arrest [are] enough to convert the private party's acts into state action." *Collins*, 878 F.2d at 1155 (citations omitted). Likewise, a private party who provides "inaccurate information that leads to an arrest is not involved in joint activity with the state." *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1357 (9th Cir. 1981) (citing *Butler v. Goldblatt Bros.*, 589 F.2d 323, 327 (7th Cir. 1978)). Accordingly, even if Garcia made false statements to the Defendants that implicated Plaintiff in criminal activity, such does not make

her a state actor. *See Est. of Smith v. Holslag*, No. 16-CV-2989-WQH-MSB, 2020 WL 7863428, at *17 (S.D. Cal. Dec. 31, 2020), ("Providing false information to the police does not automatically transform a private individual into a state actor.").

Considering Plaintiff's second allegation—that Garcia assisted in the investigation by accompanying law enforcement officers to Plaintiff' residence—in combination with Garcia providing false information to the Defendant officers, the Court concludes that this is still insufficient to show joint activity. Notably, the Ninth Circuit has approvingly cited Tenth Circuit cases where private parties did much more than accompany law enforcement to the scene but were still not considered to be state actors:

> The Tenth Circuit's two section 1983 cases involving citizen's arrests also provide useful guidance. In [*Lee v. Town of Estes Park, Colo.*, 820 F.2d 1112(10th Cir. 1987)], the private party, besides effecting the citizen's arrest, also transported the arrested party to the police station, attempted to persuade the police to file charges, and swore out a complaint against the arrested party. 820 F.2d at 1114. Nonetheless, the Tenth Circuit held that this did not constitute joint action. *Id.* at 1114–15. Similarly, in [*Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402(10th Cir. 1987)], Continental's airport manager, Gilbert, called an airport security officer, helped to escort Carey to the airport security station, and ultimately signed a complaint charging him with trespassing. The Tenth Circuit reasoned that "Gilbert's complaining about Carey's presence to a Tulsa police officer who, acting within the scope of his statutory duties, arrested Carey after questioning him, does not, without more, constitute state action for which Gilbert can be held responsible." 823 F.2d at 1404 (citation omitted).

*Collins*, 878 F.2d at 1155.

Here, there are no facts to indicate that, while at the scene with the Defendant officers, Garcia did anything to assist the investigation beyond providing information about whether Plaintiff was driving. The Court is thus unable to conclude that she and the Defendant officers were "so far insinuated [] into a position of interdependence" as to be considered joint actors. *Id.* at 1154 (citation omitted).

However, the Court recognizes that Plaintiff cites three out-of-circuit cases to argue "that law enforcement's reliance upon a security guard's incomplete rendition of facts to make an arrest" satisfies the joint activity requirement. (ECF No. 34, p. 4). For the reasons given below, the Court finds none of these cases helpful to Plaintiff's position.

The first case, *Murray v. Wal-Mart, Inc.*, 874 F.2d 555 (8th Cir. 1989), concerned the detention and prosecution of a suspected shoplifter. The Eight Circuit noted that "state action is present when private security guards and police officers act in concert to deprive a plaintiff of his civil rights, particularly when a state statute authorizes a shopkeeper to detain suspected shoplifters." *Id.* at 559. Specifically, there were numerous facts indicating that Wal-Mart acted in concert with local police: (1) the store manager testified that it was Wal-Mart's practice to work with local police to prosecute shoplifters; (2) Walmart employees had detained and searched the suspected shoplifter but found no stolen items; (3) the store security guard, who was also an employee of the police department, and had a close relationship with the prosecuting attorney, who appeared to make his recommendation to prosecute based on the security guard's word rather than an independent investigation of the facts; and (4) a state statute permitted merchants to detain suspected shoplifters. *Id.* Here, there are no facts indicating that Garcia took an active role in Plaintiff's criminal investigation, that she detained or searched plaintiff, that she had a particularly close relationship with law enforcement, or that she was empowered to detain those suspected of crimes.

The remaining two cases involving security guards likewise do not help Plaintiff. *In Josey v. Filene's, Inc.*, 187 F. Supp. 2d 9, 17 (D. Conn. 2002), the Court found no joint activity where "the security guards did not have any special authority under state law to arrest the plaintiff," "the officer seems to have reacted to a general request for backup issued by the store security to the mall security," and "there [was] no evidence that the officer requested that [] security detain the two men." In *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 36 (E.D.N.Y. 2004), the Court found no joint activity where a security guard detained two girls, interrogated them, made them strip to their underclothes to recover merchandise, and thereafter contacted the police, who arrested the girls based on statements of the store's employee. If anything, these cases demonstrate that, even where security guards take a more active role in a criminal investigation than Garcia did here, such is insufficient to show joint activity for purposes of determining state action.

\\\

**IV.     CONCLUSION AND RECOMMENDATIONS**

Based on the reasons given, IT IS RECOMMENDED that Plaintiff's motion for leave to file an amended complaint (ECF No. 27) be denied.[3]

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 14, 2023**                /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[3] The Court recognizes that, if this case proceeds on the initial complaint, the negligence claims against Garcia and PVSP will remain, despite Plaintiff seeking to withdraw those claims in his proposed amended complaint. Should Plaintiff still desire to withdraw his negligence claims against Garcia and PVSP if leave to amend is denied, he is directed to confer with Garcia and PVSP about obtaining a stipulation of dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).